**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DORIS ANN MOORE, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION No. 1:10CV78 |
| v. | § § | |
| CHRISTUS HEALTH SOUTHEAST TEXAS d/b/a St. Elizabeth Hospital, | § § § § | |
| *Defendant*. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Doris Ann Moore sues her former employer, and alleges that she was terminated unlawfully on account of her race or color, and in violation of her First Amendment right to free speech.

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, for pretrial proceedings pursuant to General Order 05-07. After considering defendant's motion for summary judgment and supporting evidence, the magistrate judge concluded that, even with liberal construction, plaintiff failed to establish a *prima facie* case of discriminatory discharge based on her race or color. Further, even assuming she had established a *prima facie* case, defendant set forth a legitimate, nondiscriminatory reason for its actions, which plaintiff failed to show was pretextual. Therefore, defendant was entitled to summary judgment on her race-based discrimination claim.

The magistrate judge also concluded that because defendant is a private entity, it did not act under color of state law. Therefore, defendant is not amenable to a First Amendment claim. The magistrate judge recommended that the court grant defendant's motion for summary judgment on plaintiff's Title VII discrimination and First Amendment claims.

Plaintiff filed a timely objection to the magistrate judge's recommended disposition. Such objection requires that a district judge of the court make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

I.  Plaintiff's Objection

Plaintiff does not challenge the magistrate judge's legal analysis. Nor does plaintiff challenge the magistrate judge's factual findings based on the record before him at the time he issued his report. Rather, plaintiff's objection consists wholly of several new factual allegations not previously raised before the magistrate judge.[1]

II. Evidence First Presented in Objections

When a party presents new evidence for the first time in objections to a United States magistrate judge's report and recommendation, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the

---

[1] In her objection, plaintiff also renews her request for the court to appoint an attorney for her. The magistrate judge denied plaintiff's two prior motions for appointment of counsel as premature, stating that plaintiff may reassert her request upon showing that she has made reasonably diligent but unsuccessful efforts to secure representation, and after the court determines that the case can proceed to a trial on the merits. There is no indication in plaintiff's third request for counsel that she has made any unsuccessful efforts to secure representation on her own. Further, as discussed below, the court adopts the magistrate judge's recommendation and grants defendant's summary judgment motion, so this case will not proceed to trial.

facts. *See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). It remains within the court's discretion whether to consider such newly presented evidence. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003); *Freeman*, 142 F.3d at 852. In exercising such discretion, the district judge may consider: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted. *Performance Autoplex*, 322 F.3d at 862 (citing *Freeman*, 142 F.3d at 853).

Here, the magistrate judge provided plaintiff with ample opportunity to plead facts sufficient to establish a genuine dispute of material fact, including a response to defendant's motion for summary judgment. Plaintiff elected not to respond to defendant's motion, and failed to raise any new or controverting facts until after being educated by the magistrate judge's report as to her deficiencies. *See Freeman*, 142 F.3d at 852 (litigants may not use the magistrate judge as a mere sounding-board for the sufficiency of evidence). Plaintiff provides no explanation as to why she failed to present any of this factual evidence until now, despite several opportunities to do so. All of this newly-presented evidence took place prior to her termination and was, therefore, available to her at the time of the filing of defendant's motion for summary judgment. There is no reason to permit plaintiff to provide a partial summary of the facts to the United States magistrate judge and then, upon the impending prospect of dismissal of her claims, provide another set of facts, known to her all along.

Nonetheless, plaintiff's *pro se* status makes the court reluctant to ignore relevant facts notwithstanding their late and unexcused presentment. Thus, the court will consider the new

3

evidence, to the extent relevant, and determine its relative importance. After considering the new evidence, and otherwise conducting the required *de novo* review, the court overrules plaintiff's objection, and adopts the magistrate judge's findings, conclusions, and recommendations for reasons expressed below.

First, nothing in plaintiff's objections or in her proffered new evidence impugns the magistrate judge's conclusion that plaintiff fails to establish a *prima facie* case of unlawful discrimination based on race or color. The mere fact that plaintiff may have been treated unfairly or rudely by her supervisor or coworkers does not raise an inference that the unfair or rude conduct was based on racial animus. Plaintiff presents no new evidence, and makes no allegation that she was treated differently than any similarly situated white employee.

Second, whether or not the plaintiff directed an implied threat to kill coworkers with whom she was having a dispute directly to their faces, or whether she spoke indirectly and only to another worker, or whether she was not serious when making such statement is beside the point. Making such a statement in *any* context provided the defendant with a legitimate, nondiscriminatory reason for plaintiff's discharge, and plaintiff has failed altogether to show that such reason was mere pretext for race discrimination. At best, plaintiff's evidence shows that she considered her termination based on the perceived threat to be unfair under the circumstances, but nothing other than plaintiff's own subjective belief suggests that it was based on plaintiff's race. Indeed, plaintiff's objections weigh against any such inference, as she candidly admits that "*I . . . was wrongfully accused and terminated because of someone else's dislike for me.*" Federal law does not protect employees from actions taken against them due merely to animosity. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88, 118 S. Ct. 2275 (1998) (finding that Title

4

VII does not protect workers from personal animosity and obnoxious behavior in the abstract). Neither does rude behavior by coworkers, standing alone, provide a basis for an action under Title VII. *See E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008) ("[C]omplaints premised on nothing more than 'rude treatment by coworkers,' 'callous behavior by one's superiors,' or 'routine difference of opinion and personality conflict with one's supervisor,' are not actionable under Title VII.").

Consequently, nothing in plaintiff's objections alters the reasoning of the magistrate judge or the outcome reached in the magistrate judge's disposition.

III.   Order

Plaintiff's objection is **OVERRULED**, the report of the magistrate judge is **ADOPTED**, and defendant's "Motion for Summary Judgment" (Docket No. 27) is **GRANTED**.

A final judgment will be entered separately.

So **ORDERED** and **SIGNED** this **20** day of **April, 2011.**

_____
Ron Clark, United States District Judge